# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

ALEXANDRIA ORDUNA, as mother and next friend of E.O., a minor,

    *Plaintiff*

v().

UNITED STATES OF AMERICA,

    *Defendant*

Civil Action No.

## COMPLAINT

NOW COMES the Plaintiff, ALEXANDRIA ORDUNA (hereinafter referred to as "ALEXANDRIA"), as mother and next friend of E.O. (hereinafter referred to as "E.O."), a minor, by and through her attorneys, Terry Garmey & Associates, and complains against the Defendant, the United States of America, as follows:

## NATURE OF THE CASE

1. This medical malpractice action arises against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

2. This action alleges medical malpractice committed by employees of Brewer Medical Center in Brewer, Maine, which is a division of Penobscot Community Health Center Inc. ("PCHC"), a Federally Qualified Health Center under the Department of Health and Human Services Centers for Medicare and Medicaid Services.

3. From the day that E.O. was four days old, until January 10, 2019, E.O. was under the care of agents and employees of the Brewer Medical Center, including Physician's Assistant Amanda Young ("PA Young"). During this period of time, unbeknownst to Alexandria, E.O.

was being physically abused by Alexandria's boyfriend, Cyree Hansley.  Worried about E.O.'s symptoms but unaware that he was being abused and unaware that the symptoms were red-flag signs of such abuse, Alexandria brought him to the Brewer Medical Center and PA Young for treatment.

4. Even though E.O.'s medical records show that PA Young knew physical abuse was a potential cause of his symptoms, no agent or employee reported such suspicions to Maine's Office of Children and Family Services ("OCFS"), which was required by law, nor contacted the many resources available through the Maine Child Abuse Action Network and the Maine Child Welfare Advisory Panel, nor informed Alexandria that her child presented signs and symptoms of child abuse.

5. Tragically, the Brewer Medical Center and its employees failed in their duty to act as reasonable medical providers, and ignored or failed to communicate telltale signs that baby E.O. was being physically abused.  As a result, when the child was only about six months old, Cyree Hansley beat him so savagely that he nearly died.  E.O. suffers lifelong injuries as a result of the beating, including by not limited to, traumatic brain injury and permanent blindness.

6. Had the agents and employees of the Brewer Medical Center acted with reasonable care and according to the standards of care in their professions in caring for E.O., they would have notified Alexandria and Maine's OCFS that E.O. was presenting red-flag signs of physical abuse – and Alexandria could have acted in time to protect her son.

7. Brewer Medical Center's employees' professional negligence and substandard care in the treatment of E.O., including the substandard care by Physician Assistant Amanda Young, caused him to suffer permanent, painful and severely disabling injuries.

## PARTIES

8. Plaintiff Alexandria Orduna is the mother and next friend of Plaintiff E.O., a minor, and both are residents of the Town of Orono, in the County of Penobscot and State of Maine.

9. The United States of America is the proper defendant in this case under the Federal Tort Claims Act, 28 U.S.C. §2671. Defendant operates a health care facility known as the Brewer Medical Center (a division of PCHC) in the Town of Brewer, County of Penobscot, Maine, which is a Department of Health and Human Services Center for Medicare and Medicaid Services.

## JURISDICTION AND VENUE

10. This action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*. This Court has jurisdiction of this matter under 28 U.S.C. § 1336.

11. An attorney representing the Plaintiff timely submitted to the Department of Health and Human Services ("DHHS") a Notice of Claim form which was received on or about September 4, 2019, more than six months ago. The DHHS has not responded to the claim.

12. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1402(b) because the Plaintiff resides in Orono, which is within this judicial district.

13. Pursuant to Local Rule 3(b), this action has been properly filed in Bangor because the events giving rise to this claim occurred in Penobscot County.

## FACTS

14. In the operation of the Brewer Medical Center in Brewer, Maine, the Defendant held itself out as a health care facility in which Defendant's employees would use that degree of care, skill, diligence and attention exercised by hospitals generally.

15. Brewer Medical Center was operated by the Defendant, and Defendant acted through employees, including doctors, physician's assistants, nurses and other hospital personnel over which Defendant exercised control and supervision.

16. Physician's Assistant Amanda Young was an employee of the Brewer Medical Center over whom Defendant exercised control and supervision.

17. During the period of June 2018 through January 10, 2019, E.O. was under the care of agents and employees of the Brewer Medical Center, including PA Young.

18. Employees of the Brewer Medical Center, including PA Young and other healthcare professionals who provided care to E.O., were at all relevant times "mandated reporters" under Maine's Child Reporting Act, Me. Rev. Stat. tit. 22, § 4011-A. Under the Child Reporting Act, these persons were required to report any reasonable cause to suspect that a child has been or is likely to be abused. The Child Reporting Act specifies that Mandated Reporters *must* make such a report when a child who is under six months of age or otherwise non-ambulatory shows evidence of certain types of injuries, including "fracture of bone; substantial bruising or multiple bruises; subdural hematoma; [and any] … injury resulting in ... soft tissue swelling."

19. Maine's Child Reporting Act is consistent with federal policy, enacted by Congress through the Child Abuse Prevention and Treatment and Adoption Reform Act ("CAPTA") (*see* 42 U.S.C.A. § 5106a), which is intended to support and encourage the prevention, assessment, investigation, prosecution and treatment of child abuse.

20. During their treatment of E.O., agents and employees of the Brewer Medical Center, including PA Young, failed to recognize and/or report, and did not address red-flag symptoms of child abuse, including the following incidents.

21. In August 2018, Alexandria called the Brewer Medical Center and reported to PA Young that E.O. had suffered a bruised and swollen penis, which had occurred after his diaper was changed by Cyree Hansley.

22. In November 2018, Alexandria again called the Brewer Medical Center and reported to PA Young that E.O. had suffered a bruised and swollen ankle, which was later diagnosed as a fractured tibia and fibula. Unbeknownst to Alexandria, any bruising on an infant who is not yet walking is a red-flag sign of potential child abuse.

23. On December 11, 2018, Alexandria brought E.O. to the Brewer Medical Center to be seen for bruised and purple spots on both of his ears, which she had first observed that morning. PA Young examined E.O. and noted the bruising. Although PA Young noted in E.O.'s medical record that abuse was "on the differential diagnosis" due to his two bruised ears, PA Young did not inform Alexandria of this information.

24. The standard of care for a healthcare provider rendering treatment to a child, as reflected in the medical literature and the law and policy of the State of Maine and the United States of America, required PA Young to recognize and report E.O.'s presentation of symptoms of child abuse.

25. Consistent with federal law, the state of Maine requires health care providers such as PA Young to report the suspicion of child abuse to OCFS. Me. Rev. Stat. tit. 22, § 4011-A. It also makes free resources available for healthcare providers, including employees of PCHC such as PA Young, to consult when a minor presents with red flags for child abuse.

26. Yet, instead of fulfilling her professional duties and legal obligations, PA Young ignored the red-flag symptoms of abuse. She did not report that child abuse was a potential cause of the baby's bilateral ear bruising or other symptoms.

27. PA Young examined E.O. again on December 17, 2018. PA Young again noted the child's ongoing purple ears and diagnosed him with "easy bruising." Again, she failed to notify OCFS or anyone else about the bruising, nor did she notify Alexandria that bruising in non-walking children is a sign of potential child abuse.

28. E.O. was again seen by PA Young at approximately 1:00 p.m. on January 10, 2019. That day, PA Young observed a dime-sized pinkish-blue skin lesion over E.O.'s right temple, a 4.5 cm x 6 cm mildly raised lump over his right lower back (which was later determined to be a fractured vertebrae), and weight loss. Notwithstanding the history of unexplained bruises and a previous note in the medical record indicating that "abuse" was within the differential, PA Young decided that the fractured back would be evaluated non-urgently with an ultrasound rather than a CT scan. She again failed to notify Maine OCFS about the bruising, and failed to consult with free resources available in the State of Maine to assist healthcare providers faced with potential cases of child abuse. And once again, she failed to notify Alexandria that facial bruising in a child who is not yet even learning to walk is a red-flag sign of potential child abuse.

29. Just hours after leaving the Brewer Medical Center on January 10, 2019, Alexandria – completely unaware that PA Young had noted the possibility that E.O. was in an abusive environment – left baby E.O. in the care of Hansley in order to attend evening classes.

30. That same evening, Hansley struck baby E.O. violently in the face and head, causing fractures, permanent blindness and brain damage.

31. When Alexandria returned home from school, she noticed that baby E.O. had a swollen left eye and that he felt cold and was not responsive in his crib. Although Hansley denied that anything was wrong or that anything had happened to E.O., Alexandria immediately

brought the child to the Eastern Maine Medical Center. There, he was found to have suffered, among other things, a fractured skull, bleeding in his brain, a left femur fracture, blindness, and permanent brain injury. Radiologists examining E.O.'s medical imaging not only diagnosed recent, acute injuries, but also took note of the existence of latent, chronic fractures and injuries that were caused by the ongoing serial abuse by Hansley which had been occurring for months prior to the near-fatal attack on January 10, 2019.

32. E.O.'s permanent injuries would have been avoided if the Brewer Medical Center, through its agents and employees, had not failed in its obligation to protect E.O. from abuse.

33. Had agents and employees of the Brewer Medical Center provided reasonable medical care to E.O., multiple severe injuries would have been avoided, including permanent brain injury, blindness, fractures of the spine, femur and ankle, as well as traumatic bruises to the ears and neck.

## COUNT I
## (NEGLIGENCE)

34. Plaintiff Alexandria Orduna, as mother and next friend of E.O., a minor, repeats and realleges the above allegations as if set forth herein in full.

35. Defendant's employees, including Physician's Assistant Amanda Young, were careless and negligent and breached the standard of care for medical providers when they negligently failed to notify Alexandria and others of the possibility that E.O. was being physically abused and/or failed to recognize telltale symptoms of potential child abuse, and failed to report a suspicion of abuse to the Maine Department of Child and Family Services.

36. As a direct and proximate result of the carelessness and negligence of the Defendant's employees, E.O. suffered severe pain, injury, loss of enjoyment of life, emotional distress, medical expenses, lost earnings capacity and permanent impairment.

37. The United States of America is legally responsible for the negligence of Amanda Young and others at the Brewer Medical Center involved in the treatment and care of E.O.

WHEREFORE, Alexandria Orduna, as mother and next friend of E.O., a minor, requests that judgment be entered in his favor against the Defendant for damages which this Court deems reasonable, together with interest and costs.

DATED at Portland, Maine this 25th day of June, 2020.

Attorneys for Plaintiff,

*/s/ Terrence D. Garmey*

_____
Terry D. Garmey, Esq. Bar #1656
Alexis Garmey Chardon, Esq. Bar #5932
TERRY ARMEY & ASSOCIATES
482 Congress Street, Suite 402
Portland, ME  04101
tgarmey@garmeylaw.com
achardon@garmeylaw.com
207-899-4644