UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALEXANDRIA ORDUNA<br>as mother and next friend of E.O.,<br>a minor<br><br>        Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:20-cv-00228-LEW<br>)<br>)<br>)<br>) |

**DECISION ON MOTION TO DISMISS**

In this medical malpractice action, the United States is the Defendant pursuant to the integrated operation of the Public Health Service Act, 42 U.S.C. § 233, and the *Westfall* provision of the Federal Tort Claims Act, 28 U.S.C. § 2679.[1] Plaintiff Alexandria Orduna, mother of minor E.O., alleges that her infant's physician's assistant ("PA") detected signs of physical trauma and suspected child abuse, yet failed to inform Ms. Orduna of the same. According to Ms. Orduna, had the PA informed her that her child's medical concerns

---

[1] The Westfall Act, named for *Westfall v. Erwin*, 484 U.S. 292 (1988), amended § 2679 of the Federal Tort Claims Act, making it the sole remedy for tortious acts committed by "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The FTCA defines an "[e]mployee of the government" to include "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Pursuant to the Public Health Service Act, employees of private healthcare facilities may be deemed commissioned officers of the Public Health Service, sparing them personal liability "for damage or personal injury … resulting from the performance of medical, surgical, dental, or related functions, … while acting within the scope of … employment," and the claimant's "exclusive" remedy is against the United States. 42 U.S.C. § 233(a).

appeared to be the product of physical abuse, Ms. Orduna would have taken measures to protect her child from a domestic partner, the alleged perpetrator of the injuries.

The matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 8). Defendant, observing that the jurisdiction of the United States District Courts is "exclusive," invokes a provision of the FTCA-related jurisdictional statute that limits the exercise of exclusive jurisdiction to "claims … caused by the negligent or wrongful act or omission of any employee of the Government … under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). According to Defendant, under Maine common law no private healthcare provider can be held liable in negligence (medical malpractice) for failing to "report" suspected child abuse because there is no "duty to protect" a patient from harm inflicted by a third party. Motion at 6.

A claim of negligence is actionable in Maine based on a breach of the duty of reasonable care that causes harm to another. *Curtis v. Porter*, 2001 ME 158, ¶ 18, 784 A.2d 18, 25. Defining the "duty" component of this matrix is a fact-bound question of law. *Brown v. Delta Tau Delta*, 2015 ME 75, ¶ 9, 118 A.3d 789, 792. This sometimes calls on a court to conduct "a multi-factored analysis that necessarily evokes policy-based considerations including the just allocation of loss." *Id.* However, in a case of medical malpractice, the duty is already well defined: a provider must exercise that degree of care that an "ordinarily competent" provider would exercise under "like circumstances." *McLaughlin v. Sy*, 589 A.2d 448, 452 (Me. 1991).

Defendant attempts to obfuscate the basic duty of care of medical providers by characterizing this case entirely as one that would impose liability based on the failure of a provider to report suspected child abuse to government authorities and thereby protect the patient from harm. In that regard, Defendant relies on the Maine's rule that absent a special relationship there is no affirmative obligation to protect others from the actions of third parties, even third parties known to be dangerous. *Brown*, 2015 ME 75, ¶ 10, 118 A.3d at 792. Defendant's focus on the concept of duty in relation to protecting against third-party harm is an outgrowth of the fact that Plaintiff cites Maine's Child Protection Act in partial support of her claim and alleges in partial support of her Complaint an alleged failure to protect E.O. from harm.

The Child Protection Act makes several categories of "adult persons" into so-called mandatory reporters when they act in a "professional capacity." 22 M.R.S. § 4011-A(1)(A)(4).[2] *See* Complaint ¶¶ 4, 18, 19, 25-28. Mandatory reporters are required by law to inform certain governmental entities when they learn of child abuse or neglect. *Id.* § 4011-A(1). Defendant interprets Plaintiff's claim of medical malpractice to be dependent on the Child Protection Act. As Defendant observes, the problem with basing a malpractice case exclusively on the Act is that the Maine Legislature imposed the duty to report but did not grant a private cause of action to persons the statute is designed to protect. *Compare* 28-A Me. Rev. Stat. § 2506(2) ("A server who negligently serves liquor to a visibly

---

[2] The statute also includes special provisions related to children under six months of age. 22 M.R.S. § 4011-A(7).

3

intoxicated individual is liable for damages proximately caused by that individual's consumption of the liquor."); 38 Me. Rev. Stat. § 1319-U ("A person who disposes of or treats hazardous waste, when that disposal or treatment, in fact, endangers the health, safety or welfare of another, is liable in a civil suit for all resulting damages.").[3]

Ultimately, however, this case, at least at this nascent stage, does not depend on the Child Protection Act. The Complaint states a solitary claim of negligence and the allegations can be read to assert the breach of the standard of care for medical providers separate and apart from any statutory duty to report suspected abuse to the government. Plaintiff, Ms. Orduna on behalf of E.O., complains that the provider in question failed to notify Ms. Orduna of signs of physical abuse of her infant that she could not detect. That theory of relief is set forth in the Complaint in a short and plain statement and it states a plausible claim for relief under Maine law. The duty in question is the duty to observe the standard of care of an ordinarily competent medical provider and, for purposes of a motion to dismiss, the court accepts the inference that an ordinarily competent provider could be governed by a duty to inform the parent of a minor child that a differential diagnosis includes physical abuse. The question is at least close enough to make me reluctant to

---

[3] Defendant's interpretation of the Complaint is also likely the result of Plaintiff's allegation that the provider owed a duty "to protect" E.O. *See*, *e.g.*, Complaint ¶ 32 ("E.O.'s permanent injuries would have been avoided if [Defendant] had not failed in its obligation to protect E.O. from abuse."). Indeed, even at oral argument, Plaintiff's counsel described a duty "to protect," though she phrased it as a duty to protect against the foreseeable results of a medical diagnosis. My ruling does not turn on a duty "to protect," but rather to provide care at the ordinarily-competent-provider level. This care-focused claim is elsewhere clearly stated in the Complaint. *See*, *e.g.*, Complaint ¶ 33 ("Had [Defendant] provided reasonable medical care … injuries would have been avoided."); Complaint ¶ 35 ("Defendant's employees … were careless and negligent and breached the standard of care for medical providers when they negligently failed to notify Alexandria [Orduna]….").

dismiss the case in the absence of a record. Defendant's protestations that this case is about a duty to protect against harm caused by a third party, and therefore not cognizable, begs rather than answers the question, particularly with only the barest notice pleadings before me. It is a characterization rather than a supported, reasoned conclusion. Defendant has advanced a cogent and skillful argument but one that simply is premature. My denial of Defendant's motion does not foreclose examination of the question at some other point during the litigation when I have the benefit of a properly submitted record that may include expert opinions and a more precise explication of the nature of Plaintiff's theory of tort liability against the medical providers. Until then any prediction of what bearing a properly developed record may have on the scope of the legal duty, which by dint of the physician/patient relationship here exists, is not much more than ghost hunting. Because these allegations state a plausible claim, they also support the exercise of subject matter jurisdiction under the FTCA.[4]

Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 8) is **DENIED**.

**SO ORDERED.**

Dated this 18th day of March, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[4] Because Defendant's motion is based on the alleged lack of subject matter jurisdiction, and because subject matter jurisdiction is present, I do not need to make an advisory ruling whether breach of a duty owed to Plaintiff would be stated had the provider informed Ms. Orduna of the suspected abuse but not reported her suspicions to the government. As alleged, the provider did not inform Ms. Orduna and that circumstance gives rise to a scenario in which it is at least plausible that the finder of fact might diagnose the breach of a duty, assuming the record ultimately supports Ms. Orduna' position.