UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALEXANDRIA ORDUNA, as mother and next friend of E.O., a minor, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:20-cv-00228-LEW<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

**ORDER APPROVING MINOR SETTLEMENT
AND SPECIAL NEEDS TRUST**

Plaintiff Alexandria Orduna, as mother and next friend of E.O., a minor ("Plaintiff"), has filed an unopposed Motion to Approve Minor Settlement and Special Needs Trust (ECF No. 56), seeking the Court's approval of a tentative settlement agreement reached between Plaintiff and Defendant the United States of America ("Defendant" or the "United States"), memorialized in a Stipulation for Compromise Settlement and Release (ECF No. 56-5) (the "Stipulation").

Federal law imposes on a District Court both "the authority and responsibility" to review proposed settlements of claims against the United States arising under the Federal Tort Claims Act. *Hubsch v. United States*, 338 U.S. 440, 441 (1949) (citing 28 U.S.C. § 2677).[1] In addition, District of Maine Local Rule 41.2 further requires that the Court

---

[1] The United States Attorney's Office for the District of Maine advises that the relief sought in Plaintiff's motion should be granted. Defendant's Statement in Response (ECF No. 50). However, consistent with paragraph 5(a) of the Stipulation, the terms and conditions of the tentative settlement agreement are subject to the approval of the United States Attorney General or the Attorney General's designee.

approve any settlement of a minor child's claim. This requires the Court to "review the terms of the compromise and settlement and assure itself that the settlement is fair, reasonable and in the best interests of the minor." *Corey v. Corey*, 803 A.2d 1014, 1016-17 (Me. 2002) (quoting and approving *Holbrook v. Anderson Corp.*, 756 F. Supp. 34, 38 (D. Me. 1991)).

Following review of the documents filed by Plaintiff, I find that her Motion to Approve complies with Local Rule 41.2; that the terms of the tentative settlement agreement are fair, reasonable, and in the best interests of the minor child; and that these findings suffice to support confirmation of the proposed compromises for purposes of section 2677. The proposed settlement is, therefore, approved and confirmed as follows:

1. Alexandria Orduna to execute as Settlor the E.O. Special Needs Trust (Exhibit B to Plaintiff's Motion to Approve), with Norway Savings Bank as Trustee, and Susan Schwartz as Trust Protector;

2. The United States to pay Five Million One Hundred Thousand Dollars ($5,100,000) to purchase one or more annuity contracts from one or more companies having an A rating from A.M. Best, with all annuity payments to be directed into the E.O. Special Needs Trust, either directly or by way of irrevocable assignment;

3. The United States to pay Two Million Nine Hundred Thousand Dollars ($2,900,000) to Terry Garmey & Associates, LLC IOLTA, to fund attorney's fees and costs of suit ($2,000,000 plus $76,930.84 in current and anticipated costs and expenses), MaineCare statutory liens, and other stipulated fees and costs of settlement administration, with unused amounts remitted for deposit in the E.O. Special Needs Trust;

4. All as set forth in greater detail in the parties' Stipulation.

It is further ordered that Plaintiff shall file a sworn affidavit under seal not later than ninety (90) days[2] after entry of this order, subject to reasonable requests for extension, verifying that the funds paid have been deposited as required by Court order, stating the deposit financial institution and account number, and certifying that a copy of the Court's order with restrictions on withdrawal, if any, has been provided to the deposit financial institution.

**SO ORDERED.**

Dated this 8th day of June, 2022.

                                                /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE

---

[2] Local Rule 41.2 provides a 30-day period for the filing of Plaintiff's affidavit. However, given the FTCA overlay, specifically the need for the Attorney General to review the settlement, good cause exists for extension of the reporting deadline with the opportunity for further extension.